IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01049-REB-MJW

BOBBIE JO STEWART, et al.,

Plaintiffs,

v.

ANHEUSER BUSCH, INC., et al.,

Defendants.

**RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR
FAILURE TO PROSECUTE, FAILURE TO APPEAR AS DIRECTED, AND
FAILURE TO COMPLY WITH A COURT ORDER**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned by an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on May 21, 2007. (Docket No. 7).

This action was ordered to be transferred to this district by Senior Judge Bruce S. Jenkins of the United States District Court for the District of Utah, Central Division.  (Docket No. 1).  In an Order Setting Scheduling/Planning Conference issued on May 23, 2007 (Docket No. 8), this court set a Rule 16 Scheduling/Planning Conference for July 19, 2007, at 3:00 p.m.  In addition, that Order directed, *inter alia*, the parties to hold a pre-scheduling conference meeting, to prepare and submit to the court a proposed Scheduling Order, and to submit a Confidential Settlement Statement

to the undersigned at least five days before the Rule 16 conference.  A copy of that Order was sent to the plaintiffs' attorney of record at the time, Douglas L. Neeley, by regular mail to the address provided on documents that were submitted with the transfer.  That copy was not returned to the court as undeliverable by the U.S. Postal Service.

In an Order to Show Cause filed on June 22, 2007 (Docket No. 19), Judge Blackburn noted that on June 6, 2007, the court advised Neely by letter that he had not been admitted to the bar of this court and that Neely apparently failed to comply with the provisions of the local rules.  Therefore, Judge Blackburn ordered that on or before July 2, 2007, Neely was to show cause in writing why he should not be stricken as counsel of record for failure to comply with D.C.COLO.LCivR 83.3.  By Minute Order dated July 6, 2007, Judge Blackburn noted that Neely had not filed a response to the previous order, and thus the Order to Show Cause was made absolute, and Neely was stricken as counsel of record for the plaintiffs.  (Docket No. 20).

In view of that Order (Docket No. 20), as well as the fact that the Scheduling/Planning Conference was set in this matter for July 19, 2007, at 3:00 p.m. and the fact that the court has no addresses or telephone number for the now pro se plaintiffs, this court issued a Minute Order on July 10, 2007, directing Neely to forthwith advise the court and defense counsel of the addresses and telephone numbers of the plaintiffs and advise the plaintiffs of their need to appear before this court for the Rule 16 Scheduling/Planning Conference.  In addition, Neely was ordered to file with this court certification that he had so notified the plaintiffs.  Finally, the Clerk of the Court

3

was directed to send a copy of that Minute Order to Neely by regular mail and by electronic mail at dneeley@mail.manti.com. (Docket No. 21).

The Clerk of the Court complied with that directive. Attempts were made three times (on July 11, 12, and 13, 2007) to send the Minute Order electronically to Neely, but each time the court received the same response, "Your document was not delivered because the user's mail delivery has overdrawn his diskspace quota, please try again." (Docket No. 28). The copy of the Minute Order that was sent to Neely by regular mail, however, has not been returned to the court by the U.S. Postal Service as undeliverable. Therefore, this court finds that Neely had notice of the Minute Order directing him to advise plaintiffs of the Rule 16 conference and to provide the court and defense counsel with contact information for the now pro se plaintiffs. Furthermore, Neely had notice of the Rule 16 Scheduling Conference and the plaintiffs' requirements before the conference because while he was still counsel of record for plaintiffs, he was served with a copy of the Order setting that conference (Docket No. 8). Nevertheless, there was no appearance by or on behalf of the plaintiffs at the Rule 16 Scheduling Conference on July 19, 2007, at 3:00 p.m. Furthermore, plaintiffs failed to comply with the other provisions of the Order Setting Scheduling/Planning Conference (Docket No. 8). This court thus vacated the Scheduling Conference. Following that proceeding, my law clerk attempted to reach Neely by telephone, but she was advised that Neely was out of the office. A message was left for Neely to return the call, but so far, no call has been received by my chambers.

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

4

> . . . [i]f no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule 16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

In addition, Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed without prejudice pursuant to

5

Fed. R. Civ. P. 16(f) and/or 41(b) based on plaintiffs' failure to prosecute, failure to appear, and failure to comply with a court order.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     July 20, 2007                         s/ Michael J. Watanabe
           Denver, Colorado                      Michael J. Watanabe
                                                 United States Magistrate Judge